STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER P. ROBBINS (Cal. Bar No. 251845)
Assistant United States Attorney
    1000 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2400
    Facsimile: (213) 894-2927
    Email:    Alexander.P.Robbins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARK ALBERT JANSEN, <br>   aka "Ffglvr," <br><br> Defendant. | No. CR 20-555-DMG <br><br> REPLY IN SUPPORT OF GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT JANSEN'S RESTITUTION OBLIGATION <br><br> Hearing Date: July 12, 2022 |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Alexander P. Robbins, files this reply in support of its sentencing position relating to defendant Mark Albert Jansen's mandatory restitution obligation, and to briefly respond to defendant's arguments in his response to the government's restitution position (Def. Resp., Dkt. 86).

    The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report ("PSR"), the Victim

1

Impact Statements attached to the government's restitution position (Dkt. 81-1), the sealed victim documents attached to the government's restitution position (Dkt. 85), the Victim Impact Statements previously filed with the government's initial sentencing position (Dkt. 49-1), and any other evidence or argument that the Court may wish to consider at the time of sentencing.

DATED: July 7, 2022

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

 /s/ Alexander P. Robbins
ALEXANDER P. ROBBINS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant and the government agree that Paroline and Galan control this case, see 572 U.S. 434 (2014); 804 F.3d 1287, and that possession and receipt of child pornography are not "victimless crime[s]." 572 U.S. at 458. "[E]very viewing of child pornography is a repetition of the victim's abuse." 572 U.S. at 457.

Defendant and the government also agree on the general principles of restitution. (Def. Resp., Dkt. 86 at 3-4.) "Reasonable estimate[s]" are fine. United States v. Ali, 620 F.3d 1062, 1074 (9th Cir. 2010). "[P]recision is neither expected nor required." Galan, 804 F.3d at 1291. The standard here, before this Court, is a preponderance of the evidence, 18 U.S.C. § 3664(e), subject to this Court's "wide discretion" to reasonably estimate liability, Paroline, 572 U.S. at 462. And defendant, in his plea agreement, has agreed to pay "full restitution" to his victims. (Plea Agreement, Dkt. 42, ¶ 10.)[1]

The question before this Court is what constitutes "full restitution." The victims requested a total of $86,500; the government's calculations sought $42,100, as described in the government's restitution position, which the government now reduces to $41,300 in response to a point defendant correctly raises in his response. Defendant, however, offers no real estimate at all -- no approximation, reasonable guess, or any sort of monetary figure reflecting the fractional harm that this particular defendant inflicted on these particular victims. And it is undisputed that

---

[1] Defendant also agreed to an order of "restitution in an amount to be determined by the Court" and waived his right to appeal it. (Plea Agreement ¶¶ 19, 23.)

they are his victims.  Defendant seems to be arguing that "full restitution" in this case is <u>nothing</u> -- despite accepting that the pictures and videos he possessed were of the horrible abuse of these 13 girls.

With one exception, the government stands by its estimates.[2] In addition to the fact that defendant's best "estimate" is $0 for everyone, defendant's legal argument is flawed conceptually. Defendant argues as follows:

A.   "Several" restitution requests suffer from various legal inadequacies, in particular a failure to disaggregate the initial harm suffered by the victim from the victim's ongoing harm from the circulation of her videos, citing <u>Galan</u>.  (Def. Resp. 4-5.)

B.   "Several" restitution requests are based on harm too far in the future, or at least harm for which the bill has not yet come due -- for example, counseling that has not yet occurred (and, presumably, not yet been paid for).  (Def. Resp. 5-6.)

C.   "Several" restitution requests have various other problems, including that they're based on harm that occurred too long ago, before defendant's offense conduct.  (Def. Resp. 6-8.)

On the first point -- disaggregation -- the government agrees. The disaggregation issue was discussed at length in the government restitution position, and that issue (among others) was the basis

---

[2] For **Lily** and **Sarah**, the government agrees with the defense point (Def. Resp. at 6 n.3) that the total loss amounts should be $5.7 million and $2.2 million, respectively, rather than $6 million and $2.7 million.  Dividing these numbers by the number of other restitution orders to obtain defendant's fractional share (and adding $1,000 for Lily given the number of her images defendant possessed) yields slightly lower estimates for each victim of **$4,500** and **$2,200**, instead of $4,700 and $2,800.  These updated figures are reflected in the conclusion below.

for the government's revising downward the total restitution requested by more than 50%.

But the second two points cannot be right.  This Court can't consider harm too much in the past or too much in the future? Defendant's share of the harm is already calculated by dividing among numerous individuals; it can't also be divided up by time periods, as well.

An example illustrates why defendant's theory cannot be right. Under defendant's theory, if a young girl in a small town is sexually abused and it's recorded on old-fashioned film, so that only one picture is made, and that picture is passed over the years from the girl's pastor (2019), to her auto-mechanic (2020), to her local sheriff (2021) -- to use the striking examples offered by **Erika** (USAO 1014) -- how much of the girl's disaggregated counseling (i.e., only the counseling to deal with the knowledge any man in her small town might have and be using the image of her abuse) should the auto-mechanic liable for?  The right answer is obviously 1/3, as there are only three offenders.  But under defendant's theory, it would be 1/3 of 1/3, i.e. 1/9 -- or 0.  Defendant wants to divide up the harm, which is necessarily spread out over time, into temporal slices -- but then further divide the harm by the total number of people who victimized this girl.  He wants to take a fraction of a fraction.  That makes no sense in a context like this.

It also has no support in precedent: defendant cites no authority for his theory.  His argument appears to be that because Congress revised the statute in 2018 to expressly include "reasonably projected" future costs, that implicitly bars any such costs from the pre-2018 statute.  (Def. Resp. 5.)  But cases before

3

2018 already allowed restitution based on estimates of future costs, as long as they were sufficiently definite and knowable. The Ninth Circuit has expressly "rejected the defendant's narrow reading of the statute and held that future counseling expenses were included within the scope of the statute." United States v. Doe, 488 F.3d 1154, 1160 (9th Cir. 2007) (citing United States v. Laney, 189 F.3d 954, 966 (9th Cir. 1999)). That precedent remains binding on this Court: Congress does not repeal by implication every time it attempts to clarify a statute.[3] Congress's clarification of the statute in 2018 does not require this Court to adopt defendant's fraction-of-a-fraction approach, or to throw up its hands and declare the fractional harm to be nothing at all.

The victims in this case -- who, again, are factually defendant's victims -- have submitted more than 1,700 pages of evidence and argument supporting their requested restitution amounts. Even then, though, the government has independently evaluated those claimed amounts and respectfully requests a total amount that is less than half as much as what the victims asked for. Defendant, however, for his part, offers no estimate of the loss at all.

The government respectfully requests that the Court adopt the government's reasonable, middle-ground estimate based on the tragic and horrible facts of this case. But if the Court determines that

---

[3] "The mere fact of an amendment itself does not indicate that the legislature intended to change a law." Callejas v. McMahon, 750 F.2d 729, 731 (9th Cir. 1984). "[W]hen judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its ... judicial interpretations as well." Merrill Lynch v. Dabit, 547 U.S. 71, 85-86 (2006) (internal quotation marks omitted).

4

the government's estimate is deficient to some extent -- and that the better estimate is higher or lower -- the government respectfully submits that, in all events, the right answer is not zero.

## CONCLUSION

The government respectfully requests that the Court order defendant to pay **$41,300** in total restitution, in the following amounts to the following victims: $3,000 to **Erika**; $1,500 to **Henley**; $3,000 to **Jenny**; $4,000 to **Pia**; $3,000 to **Cara**; $4,500 to **Lily**; $2,200 to **Sarah**; $3,400 to **Sierra**; $3,800 to **Savannah**; $4,800 to **Skylar**; $3,400 to **Sally**; $1,700 to **Violet**; and $3,000 to **Patty**.