STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER P. ROBBINS (Cal. Bar No. 251845)
Assistant United States Attorney
    1000 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2400
    Facsimile: (213) 894-2927
    Email:      Alexander.P.Robbins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-555-DMG |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S CORRECTION OF ORAL STATEMENT REGARDING STATUTORY RESTITUTION DEADLINE</u> |
| v. | |
| MARK ALBERT JANSEN, aka "Ffglvr," | Hearing Date: July 12, 2022 |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Alexander P. Robbins, files this supplement to correct a statement made during government counsel's argument before the Court at the restitution hearing this morning.

    At the hearing, the Court asked the government if the 90-day statutory restitution deadline under 18 U.S.C. § 3664(d)(5) meant that the Court had to enter a final order of restitution within 90 days of sentencing, or merely must hold a restitution hearing within

90 days.  Government counsel stated that he was unsure but believed it was the latter.  Government counsel was wrong: the statute requires the Court to "set a date for the <u>final determination</u> of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5) (emphasis added).  Despite the "set a date" language, which calls to mind the setting of a hearing date, the statute refers to the Court's "determination" of the restitution amount, as does the Supreme Court's decision in <u>Dolan v. United States</u> that construed the statute.  <u>See</u> 560 U.S. 605, 609-10 (2010).

<u>Dolan</u>, however, held that even when a district court missed the 90-day deadline, it retained the power to order restitution.  <u>Id.</u> at 611 ("The fact that a sentencing court misses the statute's 90-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution.").  The Supreme Court also suggested that a sentencing court might be able to "essentially fill in an amount-related blank" after the 90-day deadline expired, so long as the original "judgment . . . made clear that restitution was applicable."  <u>Id.</u> at 620.

Accordingly, the best practice for the Court here would be to issue a final order of restitution by the 90-day deadline from the April 20 sentencing hearing, i.e., by **Wednesday, July 19, 2022**.  As discussed at the hearing, the Court could also issue an amended judgment by this deadline reflecting the restitution amounts for specific victims; that amended judgment could be followed, at a later date, by a restitution order laying out specific reasons.  Both of those options would comply with the statute.  Alternatively, if necessary, the Court could issue an order stating that it intends to order restitution, but that the amounts are still to be

determined, which would put the Court squarely within the rule announced by Dolan such that any technical violation of the deadline would not undermine the ultimate restitution order.

DATED: July 7, 2022        STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

 /s/ Alexander P. Robbins
ALEXANDER P. ROBBINS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA